IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Redemption Enterprises, Inc., | ) | CASE NO. 1:15 CV 361 |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| Central Transport, | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion to Remand this action to the Court of Common Pleas for Cuyahoga County. (ECF #6) Plaintiff asserts that removal was improper because Defendant's Notice of Removal is insufficient to invoke this Court's diversity jurisdiction. Specifically, Plaintiff asserts that the removal petition fails to properly support Defendant's claim regarding its citizenship as it did not adequately show the location of its principal place of business.

The removal petition asserts that Defendant Cental Transport is an Indiana limited liability company with its principal place of business in Warren, Michigan and that its members are MJM Investment Holdings, LLC ("MJM") and MTM Investment Holdings, LLC ("MTM"), which are Indiana limited liability companies with their principal places of business in Michigan. The petition further asserts that MJM's sole member is Manuel J. Moroun, as Trustee of the Manuel J. Moroun Trust (the "Trust") and that MTM's sole member is Matthew T. Moroun who is a resident and citizen of Michigan. In response to Plaintiff's Motion to Remand, Defendant has submitted the affidavit of Kevin Kalczynski, who is employed as Central Transport's Vice President-Legal. The affidavit reiterates the information from the removal petition and further asserts that Manuel J. Moroun is the trustee of the Trust and is a resident and citizen of Michigan

and that all beneficiaries of the Trust are residents and citizens of Michigan. The affidavit also states that all of Central Transport's officers work full time in Warren Michigan and that Central Transport's business is coordinated, directed and controlled by officers, employees and personnel located in Warren Michigan. Finally, the affidavit asserts that Central Transport has approximately 4,149 employees in the United States, but that since January 1, 2014, Central Transport has had no employees in Ohio and does not maintain a resident agent in Ohio.

To establish the diversity requirement of subject matter jurisdiction for an unincorporated entity such as a limited liability company, a court looks to the "citizenship of each of its members." *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). The removal petition, as supplemented by the affidavit of Mr. Kalczynski, identifies the members of Cental Transport, as well as its sub-members and the citizenship of the members and sub-members and demonstrates that there is complete diversity between Plaintiff and each of Cental Transport's members. Moreover, even though the principal place of business is irrelevant to the diversity jurisdiction analysis for a limited liability company, the facts set forth in the affidavit of Mr. Kalcznski establish that the "nerve center" and principal place of business of Central Transport is in Warren Michigan. This information is sufficient to establish diversity of citizenship for purposes of removal. As such, Plaintiff's Motion to Remand (ECF #6) is denied.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: April 13, 2015