IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

REDEMPTION ENTERPRISES, INC.,                )
                                              )   CASE NO. 1:15 CV 361
    Plaintiff,                                )
                                              )
    v.                                        )   JUDGE DONALD C. NUGENT
                                              )
CENTRAL TRANSPORT.                            )
                                              )   MEMORANDUM OPINION
    Defendant.                                )   AND ORDER
                                              )

This matter is before the Court on Plaintiff's Motion to Compel 1) Written Discovery Answers and Documents; and 2) Inspect, Photograph and Copy Computer System (ECF #42); Plaintiff's Motion to Compel Kevin Kalczynski to Answer Deposition Questions (ECF #43); and Plaintiff's Motion to Compel Andrea Bouchard to Answer Deposition Questions (ECF #44). Defendant opposes all three of Plaintiff's motions. (ECF # 47,48, 49). Also pending is Central Transport, LLC's Motion to Strike Plaintiff's Motions, which Plaintiff has opposed. (ECF #45, 46). The Court heard oral argument on these motions.

Defendant Central Transport, LLC ("Central Transport") seeks to have Plaintiff's motions

stricken on the grounds that Plaintiff, Redemption Enterprises, Inc. ("Redemption") failed to certify that it met and conferred with Central Transport in a good faith attempt to resolve these discovery issues as required by Fed. R. Civ. P. 37(a)(1) and 37(d)(1)(B), and Local Rule37.1. The disputes that arose during deposition were discussed and argued between the parties' attorneys at the time the depositions were taken; Central Transport was adamant in its position that Kevin Kalczynski and Andrea Bouchard's responses to the questions at issue were protected by privilege and/or work product and no compromise was considered. Further, when Redemption suggested ways of limiting its request for computer searches and copying and providing protection against disclosure of any irrelevant materials, Central Transport simply ignored the suggestion and failed to respond in any way. Although Redemption could clearly have made further documented attempts to reach a resolution of these issues with Central Transport, it is clear from the oral arguments, and the briefs in opposition to Redemption's motions that, aside from one very minor concession, any further attempts would have been futile. For this reason, Central Transport's Motion to Strike Plaintiff's Motions to Compel, (ECF #45), is DENIED.

I. Plaintiff's First Motion to Compel

    A. Written Discovery Answers and Documents

Plaintiff seeks production, and identification of the manifests and other documentation relating to 240 salvage trailers that were allegedly available at 6599 Harper Rd., Detroit, Michigan, on June 16, 2014. Although Defendant originally objected to the request, it has sworn, at argument and by way of affidavit, that all manifests for trailers available on that date have now been disclosed. (ECF #47, Ex. C, ¶ 9). They have not, however, made clear whether these

manifest were part of a larger production involving other trailers not directly at issue in this case. If the manifests do not identify trailers by date of availability, or by any other means that would allow Plaintiffs to determine whether they relate to the 240 trailers at question in this case, and if Defendant is able to identify them by these criteria, Defendants shall do so no later than January 10, 2017. Plaintiffs also seek production of all documents referenced in or related to Ms. Paletis' deposition testimony. Again, Defendant has sworn that all such documents in its possession have been produced. (ECF #47, Ex. C, ¶ 10). There is no reason for this Court to doubt the affirmations made by Defendant, and therefore, the motion to compel is denied as to these requests.

With regard to the other request for documents and interrogatory answers that request is also generally denied, in so far as Defendants claim they have produced all non-privileged information in their possession. These requests, however, may be implicated or affected by the issues raised below.

B.    Inspection and Copying of Defendant's Computer Systems

The Court finds that it is reasonable to allow a limited review of Defendant's computer systems, to ensure that all relevant, requested information has been turned over. There are some specific documents referenced by witnesses in depositions that Defendants claim they either do not have or have not identified as having been produced in discovery. The parties are to agree on protective order that will satisfy the Defendant, and must agree upon reasonable limited search terms that will limit the search to relevant information that has been identified by witnesses; information relating to the trailers that were available at the Detroit site on June 16, 2014; and non-privileged communications with or about Plaintiff, Redemption. The parties shall agree on

the appropriate search terms and the terms of a protective order on or before January 10, 2017, and the search shall occur on or before January 18, 2017. The inspection shall occur at a time and place when Defendants may be present to oversee and/or assist in the review.

II. Plaintiff's Second and Third Motions to Compel

Plaintiff also seeks a motion compelling Kevin Kalczynski and Andrea Bouchard to answer deposition questions which were previously left unanswered on a claim of privilege or work product.

The attorney-client privilege is narrowly construed and applies only where necessary to protect communications necessary to the dispensation of legal advice. *See, Ross v. City of Memphis*, 423 F.3d 596, 601 (6th Cir. 2005); *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997); *In re Grand Jury Proceedings October 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996). The privilege does not protect disclosures that would have been made without regard to privilege, nor does it cover communications from an attorney to the client that do not involve attorney work product. *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir. 1986). Relevant non-privileged facts and information do not become privileged simply by having an attorney disclose or repeat them to their client. Further, even where privilege exists, it may be waived by the client. The party asserting privilege bears the burden of establishing not only the existence of privilege, but that such privilege has not been waived. *In re OM Group Securities Litigation*, 226 FRD 579, 590-92 (N.D. Ohio 2005); *US v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). A waiver as to some communications extends to all communications on the same subject matter. *Id.*

In addition to the protection of privilege, there is a protection against disclosure of

attorney work product. Factual work product (i.e. information uncovered during an attorney's investigation), as opposed to an attorney's legal conclusions or legal opinions may be discoverable if it is "relevant to the subject matter involved in the pending litigation" and the requesting party has "substantial need of the materials . . . and is unable without due hardship to obtain the substantial equivalent by other means." *OM Group Securities* at 584, citing *Toledo Edison, Co. v. G.A. Technologies, Inc.*, 847 F.2d 335 (6th Cir. 1988). Work product may also be waived by asserting it into the case. *U.S. v. Skeddle*, 989 F.Supp. 917, 921 (N.D. Ohio 1997).

In this case, Ms. Paletis testified that Mr. Kalczynski prepared a draft of a bill of sale that was produced during discovery. Mr. Kalczynski was deposed and refused to answer a series of questions about this document, where he received the information to prepare the document, when the document was created, and when, if ever, he had an anticipation of litigation that may have triggered a work product privilege. There is no doubt in the Court's mind that the assertion of privilege was overused in defense of Mr. Kalczynski's deposition. Mr. Kalczynski refused to answer even the most basic of questions relating to his preparation of a document that had already been disclosed to the Plaintiff through discovery, as well as questions that would allow the attorneys, and this Court, to ascertain whether attorney client privilege and/or work product protection shields his knowledge relating to that document or to other communications by Mr. Kalczynski. Based on the record before the Court, it is impossible to tell whether this document was created with an expectation of confidentiality, whether it was based on privileged information, whether it was drafted in Mr. Kalczynski's role as a businessman or in his role as an attorney; and whether it constitutes factual work product or litigation work product. Further, if it was drafted as some kind of legal advice in response to a privileged communication, it is

impossible to determine who holds the privilege to those communications.

On its face, the draft bill of sale does not appear to be litigation related, but rather at best, factual work product. Nonetheless, because the bill of sale is unexecuted and there is no evidence that it was ever shared with anyone at Redemption, any information beyond its mere existence is of limited relevance. Further, there is no reason to believe, based on the information before the Court, that any information that may be within Mr. Kalczynski's knowledge is not available through other means. Another witness has already identified the document, and identified him as the author. Also there is no allegation that he communicated with Redemption in any way in connection with this bill of sale. Therefore, it does not appear that any of the requested information will add to the admissible evidence available for the Plaintiff to prove its case, or that Plaintiff will be prejudiced, in this particular instance, by the overexertion of the privilege defense to production on this issue.

With regard to the claim of work product and privilege protection asserted by Ms. Bouchard at her deposition, the Court believes she has also over-asserted this privilege. Ms. Bouchard is not an attorney, therefore, anything she did, not at the direction of an attorney, to assemble facts based on an anticipated litigation is not covered by the privilege. Neither is any work she did prior to there being a reasonable expectation of litigation. However, communications she had, and the execution of directives given to her by an attorney, in the process of investigating an anticipated litigation may possible have some protection. Some of the questions asked by Plaintiff did seek information that could have fallen under an attorney/client privilege or a delegated work product protection. Other invocations were clearly not supported by the privilege or work product protection. As with the testimony sought from Mr. Kalczynski,

however, it does not appear that the non-protected information sought in the challenged questions was likely to lead to the discovery of non-duplicative, relevant, admissible information. It appears, that all persons with knowledge of the information sought by Plaintiffs have been identified through other means. For these reasons, Plaintiff's Second and Third Motions to Compel, will be denied.

For all of the above reasons, based on all of the information currently available to the Court, Plaintiff's Motion to Compel 1) Written Discovery Answers and Documents; and 2) Inspect, Photograph and Copy Computer System (ECF #42) in GRANTED in PART; Plaintiff's Motion to Compel Kevin Kalczynski to Answer Deposition Questions (ECF #43) is DENIED; and Plaintiff's Motion to Compel Andrea Bouchard to Answer Deposition Questions (ECF #44) is DENIED. Central Transport, LLC's Motion to Strike Plaintiff's Motions (ECF # 45) is also DENIED.

The dispositive motion deadline is extended until February 6, 2017, with all responses and replies to be filed by rule. Trial remains set for May 15, 2017.

IT IS SO ORDERED

/s/ Donald C. Nugent
Donald C. Nugent
United Stated District Judge

Date: December 28, 2016